AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | | |
|---|---|---|
| JON BATTISON | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No.  1:24-cv-01263 |
| CITY OF BUFFALO, POLICE OFFICER KEREEM JOHNSON, POLICE OFFICER TYLER BAXTER, JOHN and/or JANE DOE #1-6 (said persons being police officers employed by the Buffalo Police on duty involved in the incident on September 23, 2023) | ) ) ) ) | |
| | ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  POLICE OFFICER KEREEM JOHNSON
                                        1100 City Hall, Buffalo, New York 14202

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Lipsitz Green Scime Cambria, LLP (Melissa D. Wischerath, Esq.)
                                                                      42 Delaware Avenue, Suite 120
                                                                      Buffalo, New York 14202
                                                                      Tel: 716-849-1333

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____12/20/2024_____          _____
                                        _Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of New York

| | |
|---|---|
| JON BATTISON | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No.  1:24-cv-01263 |
| CITY OF BUFFALO, POLICE OFFICER KEREEM JOHNSON, POLICE OFFICER TYLER BAXTER, JOHN and/or JANE DOE #1-6 (said persons being police officers employed by the Buffalo Police on duty involved in the incident on September 23, 2023) | ) ) ) ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  POLICE OFFICER TYLER BAXTER
1100 City Hall, Buffalo, New York 14202

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Lipsitz Green Scime Cambria, LLP (Melissa D. Wischerath, Esq.)
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Tel: 716-849-1333

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____12/20/2024_____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

, a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of New York

|  |  |  |
|---|---|---|
| JON BATTISON | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.   1:24-cv-01263 |
| CITY OF BUFFALO, POLICE OFFICER KEREEM JOHNSON, POLICE OFFICER TYLER BAXTER, JOHN and/or JANE DOE #1-6 (said persons being police officers employed by the Buffalo Police on duty involved in the incident on September 23, 2023) | ) ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  CITY OF BUFFALO
1100 City Hall, Buffalo, New York 14202

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Lipsitz Green Scime Cambria, LLP (Melissa D. Wischerath, Esq.)
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Tel: 716-849-1333

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  _____12/20/2024_____          _____
                                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

□  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

□  I returned the summons unexecuted because _____ ; or

□  Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JON BATTISON,<br><br>                    Plaintiff,<br><br>        v.<br><br>CITY OF BUFFALO,<br>POLICE OFFICER KEREEM JOHNSON,<br>POLICE OFFICER TYLER BAXTER,<br>JOHN and/or JANE DOE #1-#6 (said persons<br>being Police Officers employed by the Buffalo<br>Police on duty involved in the<br>incident on September 23, 2023),<br><br>                    Defendants. | Case No.:  1:24-cv-01263<br><br>**COMPLAINT**<br><br><br>**JURY TRIAL REQUESTED** |

Plaintiff, JOHN BATTISON, ("plaintiff") by his attorneys, LIPSITZ GREEN SCIME CAMBRIA LLP, for his complaint against defendants, alleges:

## PRELIMINARY STATEMENT

1.    This is a civil rights and negligence action brought based on negligence by Buffalo Police Department (BPD) officers on September 23, 2023.

2.    Plaintiff alleges negligence, violations of the American Disabilities Act, civil rights violations, and a pattern of unnecessary shootings against individuals experiencing a mental health crisis, as well as a failure by the Buffalo Police Department to properly train officers to safely address a mental health crisis.

## <u>FACTS</u>

3.      Defendant officers responded to a 911 call for aid concerning Mr. John Battison, who was experiencing a mental health crisis.

4.      Dispatch informed the officers Mr. Battison was in severe mental distress having attempted suicide by ingesting a bottle of hydrocodone.

5.      When the Defendant officers arrived, they were informed by Mr. Battison's sister and girlfriend that he was alone in the attic.

6.       The attic was only accessible from a door inside of a room on the second floor of Mr. Battison's home.

7.      The attic door was closed when first approached by Defendant Officer Kereem Johnson.

8.      He opened the door to the attic, and within a span of 50 seconds of opening it, fired eight shots at Mr. Battison. Mr. Battison was alone in the attic, in an isolated location, where he was posing no harm to others. A flight of stairs and landing was between Mr. Battison and the defendant officers. Rather than de-escalate or assess the situation, the defendant officers hurriedly went up the stairs, yelling at him and holding him at gun point. The officer created danger was unnecessary, excessive, and against best practices in the field of law enforcement for dealing with victims experiencing a mental health crisis such as suicide.

-2-

9.       The officer created danger began with Defendant Officer Kereem Johnson opening up the attic door and yelling "Buffalo Police come out with your hands up." Mr. Battison responded, "No."

10.      The officer next yelled, "Put your hands up." Mr. Battison responded, "No."

11.      Rather than de-escalate, or evaluate, and assess the suicide attempt from the safe location below the stairs and out of sight from Mr. Battison, Defendant Officer Kereem Johnson proceeded to walk up the attic stairs, gun outstretched, and yelled out, "Put em up."  For a third time, Mr. Battison flatly responded, "No."

12.      Defendant Officer Kereem Johnson next called out,  "Where you at." Mr. Battison responded: "I am at the stop of the stairs; I just want to warn you that my girlfriend tore my pants off, so I don't have any pants on."

13.      At this point, for the first time, Defendant Officer Kereem Johnson observed Mr. Battison with a long pellet gun aimed at his own chin. The officer yelled, "Drop the Gun." Mr. Battison responded, "No." Again the officer says, "Drop the Gun." Mr. Battison again responded, "No."

14.      For a third time, the officer yelled, "Drop the Gun." For a third time, Mr. Battison responded, "No."

15.      Defendant Officer Kereem Johnson proceeded to walk directly towards Mr. Battison holding him at gunpoint. At no point did Mr. Battison move the gun away from his own chin, rather

-3-

it remains pressed up against his own head. Mr. Battison stated, "You get closer this is gonna end." The officer responded, "Drop the fucking gun." Mr. Battison stated, "No. I told you no."

16.    The pellet gun remained fixed on Battison's chin.  Defendant Officer Kereem Johnson proceeded closer gun outstretched, and yelled, "Drop it."

17.    Mr. Battison replied, "You're going to shoot me because I have a gun to my head?"

18.    The officer responded to the question by yelling, "Drop It"…"Drop the Fucking Gun Now." Mr. Battison responded, "Ok that is exactly…

19.    As he was saying it, multiple shots were fired by Defendant Officer Kereem Johnson from a close distance.

20.    Mr. Battison collapsed to the ground, bleeding profusely. One of the shots pierced his neck and exited out of his back, fracturing along the way. His carotid artery and brachial plexus were injured, causing severe damage requiring surgery and necessitating a 13-day medically induced coma. He sustained multiple fractures to his neck and spine that have left him paralyzed on his right extremity.

21.    Throughout the officer created danger, Defendant Baxter was directly behind Officer Kereem Johnson. Despite having an opportunity to do so,  Defendant Baxter failed to intervene, de-escalate, or call for help.

22.    In a span of 50 seconds, while Mr. Battison had the pellet gun pointed at his own head,  directly below his chin, Defendant Officer Kereem Johnson unnecessarily opened fire.

-4-

Despite being clearly informed by dispatch that Mr. Battison was having a mental health crisis and was attempting suicide, the Defendant Officers had no plan to assist Mr. Battison.

23.    Though they possessed less lethal options, including de-escalation tools such as talking to the individual from a safe place, calling in supervisors, or other mental health professionals or officers trained in CIT, they chose not to use them, and instead walked up the stairs, pointed their guns, and opened fire while he was holding a gun to his own head.

24.    "Officer-created jeopardy" is a phrase often used to describe negligence by officers that results in unnecessary shootings such as this.

25.    Defendants, acting within their capacities as law enforcement officers for the City of Buffalo, deprived the plaintiff of his rights, property, liberty, and life without due process, thereby violating rights guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, the American Disabilities Act, and applicable New York State laws on negligence and assault and battery.

26.    Rather than accommodating Plaintiff's disability, defendants ignored his need for help and instead shot him.  Plaintiff was admitted to the Intensive Care Unit and trauma unit for approximately one month where he underwent multiple surgeries.

27.    Sadly, this unnecessary resort to deadly force against an individual was not unusual, but rather is part of the BPD's institutional policy and practice of using unconstitutionally

excessive force, particularly against people with disabilities, and those experiencing mental health crises:

- On or about September 12, 2020 at approximately 3:00pm in the City of Buffalo, County of Erie, on Genesee, west of Ellicott Street, Willie Henley was shot by members of the Buffalo Police Department who responded to a mental health crisis call about him. A lawsuit was filed and removed to the W.D.N.Y.

- On Monday, March 14, 2022, at approximately 4:36 a.m., Dominique Thomas was shot and seriously injured in the City of Buffalo by members of the BPD in what the Buffalo Police Department has referred to as an attempted "suicide by cop."

- On or about February 24, 2024, at 9:59 a.m., Edward Holmes of Buffalo, NY was shot and killed in the City of Buffalo by members of the BPD in what the Buffalo Police Department has referred to as "suicide by cop."

## JURISDICTION AND VENUE

28.     This case is brought pursuant to 42 U.S.C.§ 1983, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131, et seq., and the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794 et seq.

29.     The Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331 and 1343(a) because they arise under the Constitution and the laws of the United States and present one or more federal questions.

30.     The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because they relate to the federal claims and rise from the same case and controversy.

31.     Plaintiff seeks monetary damages, punitive damages (individual defendants) attorneys' fees, and costs under 42 U.S.C. §§ 1983 and 1988, 29 U.S.C. § 794a, and 42 U.SC. § 12133.

32.     Venue lies in the Western District of New York under 28 U.S.C. § 1391(b)(2) because the relevant events occurred in Buffalo, New York.

## **PARTIES**

33.     Plaintiff, at all times hereinafter mentioned was and still is a resident of the City of Buffalo located within the County of Erie and the State of New York.

34.     Upon information and belief, defendant, CITY OF BUFFALO ("City"), is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

35.     Upon information and belief, at all times herein mentioned, defendant, POLICE OFFICER KEREEM JOHNSON ("Johnson"), was and still is a resident of the City of Buffalo located within the County of Erie and the State of New York.

36.     Upon information and belief, at all times herein mentioned, defendant, POLICE OFFICER TYLER BAXTER ("Baxter"), was and still is a resident of the City of Buffalo located within the County of Erie and the State of New York.

37.     Upon information and belief, at all times herein mentioned, defendant, JOHN and/or JANE DOE #1, was and still is a resident of the City of Buffalo located within the County of Erie and the State of New York.

38.     Upon information and belief, at all times herein mentioned, defendant, JOHN and/or JANE DOE #2, was and still is a resident of the City of Buffalo located within the County of Erie and the State of New York.

39.     Upon information and belief, at all times herein mentioned, defendant, JOHN and/or JANE DOE #3, was and still is a resident of the City of Buffalo located within the County of Erie and the State of New York.

40.     Upon information and belief, at all times herein mentioned, defendant, JOHN and/or JANE DOE #4, was and still is a resident of the City of Buffalo located within the County of Erie and the State of New York.

-8-

41.    Upon information and belief, at all times herein mentioned, defendant, JOHN and/or JANE DOE #5, was and still is a resident of the City of Buffalo located within the County of Erie and the State of New York.

42.    Upon information and belief, at all times herein mentioned, defendant, JOHN and/or JANE DOE #6, was and still is a resident of the City of Buffalo located within the County of Erie and the State of New York.

43.    Upon information and belief, at all times hereinafter mentioned, defendant, Johnson, was employed by Defendant, City and/or BPD.

44.    Upon information and belief, at all times hereinafter mentioned, defendant, Baxter, was employed by Defendant, City and/or BPD.

45.    Upon information and belief, at all times hereinafter mentioned, defendants, JOHN and/or JANE DOE #1-6, were employed by Defendant, City and/or BPD.

46.    On or about the 20th day of November, 2023, a Notice of Claim was served on behalf of plaintiff upon City, BPD, Johnson, Baxter, JOHN and/or JANE DOE #1,  JOHN and/or JANE DOE #2, JOHN and/or JANE DOE #3, JOHN and/or JANE DOE #4, JOHN and/or JANE DOE #5,  and JOHN and/or JANE DOE #6, in duplicate, within ninety (90) days of the date upon which the claim arose.  At least thirty (30) days have elapsed since the service of the notice of claim, and defendants have failed and neglected to adjust or pay the said claim.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS, ABOVE NAMED,
PLAINTIFF, ALLEGES:**

NEGLIGENCE

(State Law)

47.    Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

48.    On the date that Defendant Johnson shot and injured Mr. Battison, he was acting as an agent of the City, within the scope of his employment with the City.

49.    The City and its agents, Defendant officers, owe a duty of reasonable care to persons with whom they interact.

50.    Defendant officers have a duty of reasonable care to refrain from inflicting or causing unnecessary harm on others under general notions of negligence and the common law.

51.    The City and Defendants Johnson and Baxter owed such a duty to Mr. Battison.

52.    Defendants Johnson and Baxter breached that duty. This breach shooting a suicidal person holding a pellet gun to his own head while in a state of mental distress, and failure to use a less lethal option prior to shooting and injuring him.

53.    Defendants' breach of duty proximately caused Mr. Battison's injuries.

54.    The City is responsible for the acts of its agent and employees, including Defendants Johnson and Baxter.

-10-

55.    The City, along with Defendants Johnson and Baxter, is therefore liable for Mr. Battison's injuries.

56.    As a result of the acts of Defendants, Mr. Battison has suffered injury to body and mind, significant pain, emotional distress, humiliation, disfigurement, disability, and paralysis of his left extremity.

57.    Plaintiff is therefore entitled to recover damages in the amount to be proven at trial

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS, ABOVE NAMED, PLAINTIFF, ALLEGES:**

**AMERICANS WITH DISABILITIES ACT**

**(Unlawful Discrimination Against Qualified Individuals with Disabilities)**

58.    Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

59.    Defendant Officers Johnson and Baxter acted under color of state law.

60.    On September 23, 2023, Mr. Battison was an individual with a disability as defined under 42 U.S.C. § 12102. He was experiencing a severe mental health crisis, including suicidal ideation and emotional distress, constitutinga recognized disability under the ADA.

61.    Title II of the ADA prohibits discrimination against individuals with disabilities, stating that no qualified individual with a disability shall, by reason of such disability, be

-11-

excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. § 12132.

62.    At    minimum,    the    responding    BPD    officers perceived Mr. Battison as experiencing a mental health crisis indicative of a disability.

63.    Defendants Johnson and Baxter knew or should have known that Mr. Battison was in a state of mental health crisis, a disability that required specialized responses and care.

64.    Mr. Battison was otherwise qualified to receive the services, programs, and activities offered by the BPD in response to a mental health crisis, including crisis intervention, protective custody, and transport to a medical or mental health facility. His mental health status should not have disqualified him from these services, and instead, heightened his need for them.

65.    Defendants denied Mr. Battison the benefit of crisis intervention services and the opportunity to receive a reasonable and safe response to his mental health crisis.

66.    Instead of providing de-escalation, safety planning, or transport to a medical facility—services available through police protocols—Defendants shot Mr. Battison for holding a gun to his own head.

67.    This exclusion from crisis response services, and denial of appropriate benefits were due to Mr. Battison's actual or perceived disability.

68.    Defendants should have provided him with immediate care and appropriate intervention.

-12-

69.   Defendants failed to accommodate his disability by choosing a force-based response rather than the reasonable accommodations mandated by the ADA.

70.   Title II of the ADA required Defendants to provide reasonable accommodations in their interactions with Mr. Battison, including remaining calm, implementing de-escalation techniques, and safely securing the scene. By ignoring these obligations and applying force without accommodation, Defendants violated ADA mandates.

71.   Defendants failed to accommodate Mr. Battison by excluding him from programs available to individuals with mental health needs, depriving him of the crisis intervention and safety measures appropriate for the situation.

72.   Before Defendants Johnson and Baxter arrived, they were informed through dispatch that Mr. Battison was suicidal and had ingested pills in the home to harm himself.

73.   Instead of devising a safety-oriented plan, Defendants escalated the situation, creating a dangerous environment through aggressive commands and failure to provide the necessary accommodations for Mr. Battison's mental health crisis.

74.   By using lethal force when other options were available, Defendants discriminated against Mr. Battison based on his mental health status.

75.   Title II of the ADA imposed a duty on Defendants to provide reasonable accommodations in their interactions with Mr. Battison, including treating him calmly and safely

-13-

and using de-escalation techniques appropriate for an individual experiencing a mental health crisis. Defendants failed to meet this duty.

76.    As a direct and foreseeable result of Defendants' actions, Mr. Battison suffered compensable damages, with the full extent to be determined at trial.

77.    The conduct of Defendants Johnson and Baxter also subjects them to punitive damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### STATE CREATED DANGER
### DUE PROCESS
### (Due Process 14th Amendment and 42 U.S.C. § 1983 et seq.)

78.    Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

79.    Defendants Officer Johnson and Baxter acted under color of state law.

80.    Defendants committed affirmative acts that resulted in the harm suffered by Mr. Battison. These affirmative acts included repeatedly ordering him to drop the pellet gun while pointing a gun at him despite being informed that Mr. Battison was suicidal, had ingested pills, and alone in an isolated area in his own home.

-14-

81.     Defendants' affirmative acts placed Mr. Battison in a position of particularized danger within the residence. The officers' decision to escalate the situation and approach him exposed him to a risk of self-harm and harm from Defendants that he would not have otherwise faced.

82.     Defendants acted with deliberate indifference to a known and obvious danger.

83.     Evidence of this deliberate indifference includes failing to secure Mr. Battison's immediate environment and escalating the situation. Despite repeated indications from dispatch, the 911 caller, and their own observations that Mr. Battison posed a risk of self-harm, Defendants failed to implement any measures to ensure his safety, thereby disregarding a foreseeable risk of harm.

84.     As a proximate result of Defendants Johnson and Baxter's violation of the Plaintiff's constitutional rights, Mr. Battison suffered serious injuries, causing both immediate harm and ongoing emotional and financial damages to him, in an amount to be determined at trial.


### FOURTH CAUSE OF ACTION
### SUBSTANTIVE DUE PROCESS
**(Due Process 14th Amendment and 42 U.S.C. § 1983 et seq.)**


85.     Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

-15-

86.    Defendants Johnson and Baxter acted under color of state law. Defendants exercised their authority as City officers, responding to a call involving Mr. Battison, and controlling the actions and decisions at the scene. This authority, derived from their official positions, enabled them to direct the sequence of events that led to the injury of Mr. Battison.

87.    Plaintiff had a constitutionally protected liberty interest to be free of a state created danger.

88.    As a proximate result of Defendants' actions, Plaintiff suffered and ill continue to suffer damages, including emotional distress and loss of income, in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS, ABOVE NAMED, PLAINTIFF, ALLEGES:

### 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT

(Excessive Use of Force in Violation of the Fourth Amendment)

89.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs above of this Complaint with the same force and effect as if fully set forth herein.

90.    On September 23, 2023, Defendants Johnson, Baxter, and Jane and/or John Doe #1-6 violated plaintiff's right to be free from excessive force under the Fourth Amendment of the United States Constitution during their response to a mental health call.

-16-

91.     At the relevant time the City had an unlawful municipal policy or custom of its police using objectively unreasonable force, particularly against residents with mental illness.

92.     In addition or in the alternative, City policyholders ratified its officers' repeated unlawful uses of force, particularly against residents with mental illness, by failing to take corrective action despite their subjective awareness of a pattern of such constitutional violation.

93.     In addition or in the alternative, City policymakers knew to a moral certainty that City police officers would confront the difficult situation of responding to requests for police services involving persons experiencing mental-health crises, in which a lack of appropriate training and/or supervision (including training in de-escalation techniques and access to nonlethal force) would frequently result in its officers using objectively unreasonable and disproportionate force against persons experiencing mental health crises, and was deliberately indifferent to the constitutional rights of those interacting with its police in failing to provide such training and supervision.

94.     Defendants violated rights held by plaintiff which are clearly established, and no reasonable official similarly situated as defendants could have believed that such conduct was lawful or within the bounds of reasonable discretion. Therefore, defendants lack qualified or statutory immunity from suit or liability.

95.     Defendants' use of force was sufficiently unreasonable and conscience shocking.

-17-

96.    The actions of defendants, as described herein, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon plaintiff. As a result of this intentional conduct, plaintiff, is entitled to punitive damages against defendants, in an amount sufficient to punish them and to deter others from similar conduct.

97.    At no point during the incidents described herein did the circumstances necessitate or support the above applications of force utilized by the defendants against plaintiff. As a result, plaintiff was damaged, harmed and injured, and seeks compensation in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANTS, ABOVE-NAMED, THE PLAINTIFF ALLEGES:
(Monell Claim-Municipal Liability Pursuant to 42 U.S.C. Section 1983)

98.    Repeats, reiterates and realleges each and every allegation contained in the above paragraphs with the same force and effect as fully set forth herein.

99.    A municipality, such as City, and BPD, may be held liable under § 1983 when its official policies or customs violate the Constitution. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

100.    Defendant, City established, condoned, ratified, and/or encouraged customs, policies, patterns, and practices that directly and proximately caused the deprivation of the civil

and constitutional rights of plaintiff, and the damages and injuries described herein. They did so with deliberate indifference to the rights of the plaintiff and had actual and/or constructive knowledge of the pervasive and widespread practice of Buffalo Police Department's shootings of citizens experiencing a mental health crisis yet failed to do anything to end the practice. These written and unwritten policies, customs, patterns, and practices included:

    a.  Failing to train Buffalo Police Department officers in responding to mental health calls;

    b.  In failing to provide such training and supervision despite knowing its officers would confront the difficult situation of responding to requests for police services involving persons experiencing mental health crises, in which a lack of appropriate training and/or supervision (including training in de-escalation techniques and access to nonlethal force) would frequently result in its officers using objectively unreasonable and disproportionate force against persons experiencing mental health crises;

    c.  In failing and/or omitting to adequately supervise police officers in connection with mental health service calls;

    d.  In failing and/or omitting to provide its police officers with non-lethal weapons and training in their use;

-19-

e.    In failing and/or omitting to have mental health/crises prevention personnel on call;

101.    At all relevant times, defendants acted unreasonably and with deliberate indifference and disregard for the constitutional and civil rights of plaintiff. The actions of the defendants were malicious, willful, wanton, and reckless.

102.    The failure by defendants to supervise, train, or discipline personnel was so obvious that the failure to do so amounted to a policy of "deliberate indifference."

103.    Such acts as alleged herein were the proximate cause of injury and damage to the plaintiff.

104.    Upon information and belief, when defendants located, and fired upon plaintiff, they were acting pursuant to the custom, practice, and/or policy of the Defendants City and BPD, which condones BPD's use of force without justification.

105.    Upon information and belief, Defendants' City and BPD, custom, practice, and/or policy on condoning police misconduct by its officers, directly and proximately resulted in the plaintiff being shot and subjected to excessive force.

106.    Upon information and belief, to date Defendants City and BPD, have not implemented any particular training, oversight measures or policies designed or intended to curtail the improper use by City and BPD, of shooting involving persons experiencing mental health crises.

-20-

107.    As a result of the above constitutionally impermissible conduct, plaintiff suffered violations of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, and physical injury.

108.    Accordingly, plaintiff demand judgment against defendants compensatory and equitable, including costs and fees, to be determined at trial.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS, PLAINTIFF, ALLEGES:

### (Assault under New York State Law)

109.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

110.    The Individual Defendants shot Plaintiff, resulting in the admission to the Intensive Care Unit and trauma unit for approximately one month where he underwent multiple surgeries.

111.    The Individual Defendants intended to either to inflict personal injury or to arouse apprehension of harmful or offensive bodily contact.

112.    As a direct and proximate cause of the actions described herein, Plaintiff sustained economic and noneconomic damages, including physical pain and suffering; loss of liberty; damage and/or loss of property, all to an amount to be ascertained according to proof at trial.

-21-

113.    The Municipal Defendants are vicariously liable for the actions of their respective employees under the theory of respondeat superior.

114.    The actions of Defendants, as described herein, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted against Plaintiff. As a result of this intentional unlawful conduct, Plaintiff is entitled to punitive damages against Defendants, in an amount sufficient to punish them and to deter others from similar conduct.

115.    Defendants' use of force was unreasonable and shocked the conscious.


## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS, PLAINTIFF, ALLEGES:

### (Battery under New York State Law)

116.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

117.    The Individual Defendants shot Plaintiff, resulting in the admission to the Intensive Care Unit and trauma unit for approximately one month where he underwent multiple surgeries.

118.    The Individual Defendants intentionally made bodily contact with Plaintiff, the intended contact was itself offensive and was without the consent of Plaintiff.

-22-

119.    As a direct and proximate cause of the actions described herein, Plaintiff sustained economic and noneconomic damages, including physical pain and suffering; loss of liberty; damage and/or loss of property, all to an amount to be ascertained according to proof at trial.

120.    The actions of Defendants, as described herein, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted against Plaintiff. As a result of this intentional conduct, Plaintiff is entitled to punitive damages against Defendants, in an amount sufficient to punish them and to deter others from similar conduct.

121.    Defendants' use of force was unreasonable and shocked the conscious.

122.    The Municipal Defendants are vicariously liable for the actions of their respective employees under the theory of respondeat superior.

### AS AND FOR A NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS, PLAINTIFF, ALLEGES:

(Failure to Intervene to Prevent Unconstitutional Conduct)

123.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs above of this Complaint with the same force and effect as if fully set forth herein.

124.    Defendants violated their affirmative duty to protect Plaintiff's constitutional rights from infringement by other present law enforcement officers.

-23-

125.    Defendants failed to intervene when each Individual Defendant unreasonably assaulted, committed battery, used excessive force, police brutality, were negligent, abused process, violated claimant's Civil Rights under 42 U.S.C. § 1983, and did not intervene, despite having a realistic opportunity to prevent the harm.

126.    Upon information and belief, on or about the 23rd day of September, 2023, more police officers arrived at the scene. The deprivation of rights was knowable to officers who later arrived at the scene. Defendants assumed an affirmative duty to act on behalf of injured Plaintiff.

127.    Defendants who were witness to the violations failed to intervene on Plaintiff's behalf to despite having had realistic opportunities to do so.

128.    Said Defendants failed to intervene on Plaintiff's behalf despite having substantially contributed to the circumstances within which Plaintiff's rights were violated by their affirmative conduct.

129.    As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional rights were violated.

130.    Defendants' conduct was unreasonable and shocked the conscious.

131.    The Municipal Defendants are vicariously liable for the actions of their respective employees under the theory of respondeat superior.

-24-

132.    As a result of the foregoing, Plaintiff seeks an award of general, special, and punitive damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and an award of attorney's fees and costs.

**WHEREFORE**, plaintiff asks this Court to GRANT the following relief:

Compensatory, special, and equitable damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction; Award attorneys' fees and costs pursuant to 42 U.S.C. §§1983 and 1988; Punitive damages; and for such other, further, or different relief as the Court may deem just and proper, together with the costs and disbursements of the action.

DATED:    Buffalo, New York
          December 20, 2024

                                LIPSITZ GREEN SCIME CAMBRIA LLP

                                By: /s/ Melissa D. Wischerath
                                MELISSA D. WISCHERATH, ESQ.
                                42 Delaware Avenue, Suite 120
                                Buffalo, New York 14202-3924
                                (716) 849-1333, ext. 397
                                mwischerath@lglaw.com